WALTER C. WOODWARD v. SUDIE SHOOK AND ROY GARLAND SHOOK

No. 6825SC422

(Filed 20 November 1968)

1. **Automobiles § 90—  accident case — instructions — G.S. 1-180**

    In action arising out of an automobile accident, instructions of the trial court substantially complied with G.S. 1-180 in applying the law of the case to the facts in evidence.

2. **Automobiles § 90—  accident case — instructions — law as to skidding**

    In automobile accident case, trial court was warranted in giving instruction on the law applicable to skidding where there was evidence as to the presence of a film of mud which completely covered the highway for a distance of 35 feet at the scene of the accident and where there was testimony, although conflicting, that both plaintiff and defendant entered the muddy area at about the same time and began skidding.

3. **Negligence § 37;  Appeal and Error § 50—  instructions — definition of negligence per se**

    Failure of trial court in one part of the charge to define the term *per se* or to differentiate between negligence and negligence *per se* with ref-

erence to the violation of a statute is not error where trial court subsequently defines negligence *per se* in another part of the charge relating to proximate cause.

**4. Negligence § 40— instructions on proximate cause and foreseeability**

> Trial court's instruction in defining and explaining proximate cause and the element of foreseeability *is held* without prejudicial error in this automobile accident case.

APPEAL by plaintiff from *Martin (Robert M.), S.J.,* 24 June 1968 Regular Civil Session, CATAWBA Superior Court.

This action resulted from a collision between an automobile driven by plaintiff and an automobile owned by defendant Roy Garland Shook and driven by defendant Sudie Shook. The collision occurred at about 7:30 a.m., on 20 September 1966, on Rural Paved Road No. 1715 at a point about one half mile north of Claremont, North Carolina. Plaintiff was proceeding in a northerly direction, and defendant Sudie Shook was proceeding in a southerly direction. The road is straight for a distance of well over 250 feet both to the north and south of the point of collision with a constant and uniform slight downgrade for traffic traveling south. A short distance to the north of the point of collision extensive grading and construction work was underway, a heavy rain had fallen the night before the collision, and on the morning of the collision the road was covered with a film of mud covering the road at the place of the collision from shoulder to shoulder and extending some 30 to 35 feet north and south. The highway was clear for some 35 to 50 feet north of the point of the collision and then there was another stretch of mud.

The evidence is conflicting as to the speed of the two vehicles and as to the location on the road of the impact. Plaintiff testified that defendant was driving at a speed of 60 to 65 when he first saw her and reduced her speed to about 55 to 60 as she reached the mud. Defendant testified she was driving about 35 miles per hour until she saw what she thought was water and decreased her speed to 30 miles per hour when she reached that point. Plaintiff testified he was driving about 35 miles per hour and reduced his speed to 5 to 10 miles per hour as he entered the mud. An eyewitness testifying for defendant testified that in his opinion defendant was driving about 30 miles per hour as she approached the scene of the collision and that plaintiff was driving about 35 miles per hour as he approached; that both of them were traveling at about the same speed.

As to the place on the road where the collision occurred, plaintiff testified that he had reduced his speed to 5 to 10 miles per hour and was well to his right of the center line; that he had pulled

off on to the shoulder to the extent that his right front and right rear wheels were "off on the shoulder of the road"; that defendant weaved across the road and hit his car. Defendant testified that she lost control of her car when it hit the mud; that it went first to the left a little, then back to the right, and the cars collided about the middle of the road. She testified that she and plaintiff entered the mud slick at about the same time and that plaintiff "came in it sliding the same way I did". The eyewitness testified that both cars entered the mud at approximately the same time and that they hit in approximately the center of the road.

Issues of negligence, contributory negligence, personal injury, and property damage as to plaintiff and as to defendant were submitted to the jury. The first and fifth issues, as to negligence, were both answered "No". From a judgment that plaintiff recover nothing of defendants and that defendants recover nothing of plaintiff on their counterclaim, plaintiff appealed.

*Larry W. Pitts and Corne & Warlick by Stanley J. Corne for plaintiff appellant.*

*Patrick, Harper & Dixon by Bailey Patrick for defendant appellees.*

MORRIS, J.

Plaintiff's assignments of error are all directed to the charge to the jury.

[1]   Plaintiff argues that the trial court failed to apply the law of the case to the facts in evidence as required by G.S. 1-180.

The exception on which this assignment of error is based is to the charge on the first issue.

The court had previously summarized the evidence, instructed on burden of proof; defined actionable negligence, foreseeability, and proximate cause; instructed with respect to what constitutes negligence *per se;* summarized and explained the applicable statutes; and again reminded the jury that plaintiff, in invoking the violation of one or more of those statutes as being the proximate cause of his damages, had the burden of proof by the greater weight of the evidence.

We are of the opinion, from an examination of the entire charge, that there is a substantial compliance with G.S. 1-180. This assignment of error is overruled.

**[2]**   The second assignment of error is directed to the charge of the court on the law applicable to skidding. Appellant contends that this was not warranted by the evidence in the case. The record, in our opinion, contains sufficient evidence to warrant the charge. The evidence is not conflicting with respect to the presence on the highway of a film of mud which completely covered the highway for a distance of some 35 feet. Defendant testified that she did not hit her brakes when she entered the mud, that it was so slippery "it just took control of the car". That she and the plaintiff entered the muddy area at about the same time and "he came in it sliding the same way I did". Plaintiff testified that the area was so slick you couldn't control a car at a high rate of speed, but could at 15 to 20 miles per hour. Clyde E. Fisher, called as a witness for the defendant, testified that the mud was three or four inches deep across the road, that it was so slippery there was "very little control with the car in it".

Webster's Third New International Dictionary defines "skid" thusly: "To slide without rotating (as a wheel held from turning while a vehicle moves onward)" and gives "slide" as a synonym for "skid".

This assignment of error is overruled.

**[3]**   Appellant also contends that the trial judge committed reversible error in that he failed to define the term *per se*. The court, in charging on the law applicable to the first issue instructed the jury that plaintiff invoked the alleged violation of certain statutes. He then discussed those statutes and their provisions, instructing, as to some of them, that a violation thereof is negligence *per se*. It is true that at this point in his charge, he did not define *per se* or differentiate between negligence and negligence *per se* with reference to the violation of a statute. However, later, in connection with that portion of his charge having to do with proximate cause, he instructed the jury substantially in the language of *Cowan v. Transfer Co., and Carr v. Transfer Co.*, 262 N.C. 550, 138 S.E. 2d 228, and, we think, clearly defined for the jury negligence *per se* as related to the violation of a statute. It was not necessary for the court again to define it in setting out the statutes allegedly violated.

**[4]**   Appellant's remaining assignment of error embraces his contention that the court committed prejudicial error in defining and explaining proximate cause and the element of foreseeability. Reading the charge contextually, we do not think the jury could have been confused or misled, particularly in view of the fact that the

court, after the charge on foreseeability, instructed the jury as follows:

> "Foreseeable injury is a requisite of proximate cause, and proximate cause is a requisite for actionable negligence, and actionable negligence is a requisite for recovery for any injury negligently inflicted. A proximate cause' is also a cause from which a person of ordinary prudence could have reasonably foreseen that such a result or some similar injurious result was probable under the facts as they existed."

An examination of the entire charge does not, in our opinion, reveal reversible error.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.